1  BARRY J. PORTMAN
   Federal Public Defender
2  ANGELA M. HANSEN
   Assistant Federal Public Defender
3  555 - 12th Street, Suite 650
   Oakland, CA 94607-3627
4  Telephone: (510) 637-3500

5  Counsel for Defendant VELASQUEZ

6

7                    UNITED STATES DISTRICT COURT

8                   NORTHERN DISTRICT OF CALIFORNIA

9                          OAKLAND DIVISION

10 UNITED STATES OF AMERICA,       )    No.   CR-10-00423-PJH
                                   )
11            Plaintiff,           )
                                   )    STIPULATED REQUEST TO CONTINUE
12       v.                        )    HEARING DATE TO OCTOBER 13, 2010
                                   )    AND TO EXCLUDE TIME UNDER THE
13                                 )    SPEEDY TRIAL ACT AND [PROPOSED]
   PEDRO VELASQUEZ,                )    ORDER
14                                 )
              Defendant.           )
15                                 )    Hearing Date: September 23, 2010
   _____)    Time:         10:00 a.m.
16

17       The above-captioned matter is set on September 23, 2010 before this Court for a status

18 hearing. The parties jointly request that the Court continue the matter to October 13, 2010 at

19 10:00 a.m., and that the Court exclude time under the Speedy Trial Act, 18 U.S.C. §§

20 3161(h)(7)(A) and (B)(iv), between September 23, 2010 and October 13, 2010.

21       On May 27, 2010, the Grand Jury charged Mr. Velasquez with illegal reentry following

22 deportation, in violation of 8 U.S.C. §1326. If convicted, Mr. Velasquez faces a statutory

23 maximum of 20 years imprisonment.

24       The current status of the case is that the parties are negotiating this matter and anticipate

25 that there will be a negotiated disposition of the case. If there is a negotiated disposition, the

26 parties plan to submit a proposed plea agreement to the Court at least two days in advance of the

Stip. Req. To Continue Hearing Date and to
Exclude Time, CR-10-00423-CW

requested hearing date. In the meantime, the government has produced discovery to the defense and defense counsel needs additional time to review and process the discovery provided. The defense also requires additional time to complete its investigation of the circumstances of the offense and to assess and confirm Mr. Velasquez's Guidelines range. For example, the defense recently obtained prior records and other documents and needs time to review the information obtained.

The requested continuance will allow the defense to complete its review of the discovery, to investigate the underlying facts of the case, and to research and to confirm Mr. Velasquez's Guidelines range. For this reason, the parties agree that the failure to grant this continuance would unreasonably deny counsel for defendant the reasonable time necessary for effective preparation, taking into account the exercise of due diligence.

The parties further stipulate and agree that the ends of justice served by this continuance outweigh the best interest of the public and the defendant in a speedy trial. Accordingly, the parties agree that the period of time from September 23, 2010 to October 13, 2010, should be excluded in accordance with the provisions of the Speedy Trial Act, 18 U.S.C. §§ 3161(h)(7)(A) and (B)(iv), for effective preparation of defense counsel, taking into account the exercise of due diligence.

DATED: September 20, 2010                              /S/
                                                                         WILLIAM R. PLETCHER
                                                                         Assistant United States Attorney

DATED: September 20, 2010                              /S/
                                                                         ANGELA M. HANSEN
                                                                         Assistant Federal Public Defender

# ORDER

Based on the reasons provided in the stipulation of the parties above, the Court hereby FINDS:

1. Given defense counsel's need to complete its review the discovery;

2. Given that the defense needs additional time to continue to investigate the underlying facts of the case and to review records and research defendant's sentencing Guidelines range;

3. Given that these above-listed tasks are necessary to the defense preparation of the case and that the failure to grant the requested continuance would unreasonably deny counsel for defendant the reasonable time necessary for effective preparation, taking into account the exercise of due diligence;

4. Given that the ends of justice served by this continuance outweigh the best interest of the public and the defendant in a speedy trial;

Based on these findings, it is ordered that the status hearing date of September 23, 2010, scheduled at 10:00 a.m., is vacated and reset for October 13, 2010, at 10:00 a.m., before the sitting United States Magistrate Judge. It is further ordered that time is excluded pursuant to the Speedy Trial Act, 18 U.S.C. §§ 3161(h)(7)(A) and (B)(iv), from September 23, 2010 to October 13, 2010.

September 22, 2010

_____
HON. LAUREL BEELER
United States Magistrate Judge